UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

OGONNAYA VINCENT OFOR,

Plaintiff,

v.

CAPELLA FOR PROFIT ONLINE
UNIVERSITY; DR. SETH WILLIAMS; and
DR. KELLY VON RUDEN,

Defendants.

Case No. 17-CV-5301 (DSD/DTS)

REPORT AND RECOMMENDATION

---

Plaintiff Ogonnaya Vincent Ofor brings this action alleging violations of his freedom of expression by defendant Capella University and two professors of that school, along with various state-law claims related to his failure to graduate. Ofor has not adequately allege a violation of federal law, and he has not established that the Court has original jurisdiction over the state-law claims. Accordingly, this action should be dismissed.

An application to proceed *in forma pauperis* ("IFP") — like that filed by Ofor, *see* ECF No. 2 — will be denied, and an action will be dismissed, when an IFP applicant has filed a complaint that fails to state a cause of action on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam); *Carter v. Schafer*, 273 Fed. App'x 581, 582 (8th Cir. 2008) (per curiam) ("[C]ontrary to plaintiffs' arguments on appeal, the provisions of 28 U.S.C. § 1915(e) apply to all persons proceeding IFP and are not limited to prisoner suits, and the provisions allow dismissal without service."). In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in

the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id*. at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

As explained in the Court's prior order, *see* ECF No. 3 at 2, the factual allegations presented by Ofor in this proceeding are not entirely clear, and the one-page amended complaint he recently submitted does not do much to expand upon those allegations. Ofor contends that he was prevented by Capella University "from graduating in his chosen field of study" due to opinions he expressed during his enrollment at that school. Am. Compl. at 1 [ECF No. 4]. Based on that skeletal allegation, Ofor claims that Capella University violated his federal constitutional right to free expression and breached the contract into which he entered at the time of enrollment. *Id*. Ofor also contends that Capella University's conduct amounts to harassment and assassination of character, although he intends to raise these claims in separate state-court proceedings. *Id*.

The Court has original jurisdiction over Ofor's First Amendment claim under 28 U.S.C. § 1331 ("[The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States"), as that claim arises pursuant to federal law. *See* 42 U.S.C. § 1983. Nevertheless, as Ofor was warned in the Court's prior order, "[o]nly state

actors can be held liable under Section 1983." *Youngblood v. Hy-Vee Food Stores, Inc.*, 266 F.3d 851, 855 (8th Cir. 2001). Capella University is a private party, not a state actor. The same is true of the professors of Capella University named as defendants to this action. And although "[a] private party who willfully participates in joint activity with the State or its agents is considered a state actor," *id.*, Ofor does not contend that Capella University or the defendant professors in any way acted jointly with the state in the alleged infringement of his right to free expression. In short, the defendants cannot be held liable under § 1983 for their alleged misconduct. Ofor's constitutional claim fails as a matter of law and should be dismissed with prejudice.

Other causes of action might perhaps be available to Ofor against the defendants, such as the claims of breach of contract, harassment, and defamation mentioned in the amended complaint. But each of these causes of action arises under state law, not federal law. Unlike Ofor's constitutional claim, then, § 1331 cannot supply a basis for the Court's original jurisdiction over the remaining claims. Nor can diversity of citizenship, *see* 28 U.S.C. § 1332, as Ofor has not alleged the citizenship of the parties in either his complaint or amended complaint.[1] Finally, the Eighth Circuit has made clear that when all claims in a complaint over which a Court has original subject-matter jurisdiction have been dismissed before trial (as this Court recommends here), the court should decline to exercise supplemental jurisdiction over any remaining state-law claims. *See Hervey v. County of Koochiching*, 527 F.3d 711, 726-27 (8th

---

[1] As the Court mentioned in its previous order, Ofor and Capella University are likely both citizens of Minnesota. Ofor is, at a minimum, a resident of Minnesota, *see* Compl. at 1 [ECF No. 1], and Capella University appears to be headquartered in Minnesota, *see* Compl. at 2; 28 U.S.C. § 1332(c)(1).

Cir. 2008). Accordingly, the Court recommends that Ofor's remaining claims be dismissed without prejudice for lack of jurisdiction.

RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1. This matter be DISMISSED as follows:

   a. Plaintiff Ogonnaya Vincent Ofor's federal constitutional claim be DISMISSED WITH PREJUDICE for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

   b. Ofor's state-law claims be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

2. Ofor's application to proceed *in forma pauperis* [ECF No. 2] be DENIED.

Dated: March 1, 2018

*s/ David T. Schultz*
David T. Schultz
United States Magistrate Judge

**NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).